# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN CHARLES BOONE** | ) | |
| **BOP Reg. # #09206-003,** | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 12-00547-WS** |
| **v.** | ) | |
| | )| **CRIMINAL ACTION NO. 05-00265-WS-N-1** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATIONS

Benjamin Charles Boone, a federal prisoner proceeding *pro se*, has filed a document dated June 23, 2016, and styled as a "Motion to Amend Previous Motion pursuant to 28 USC 2255" (Doc. 74[1]).  Under S.D. Ala. GenLR 72(b), this matter has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R).  Upon consideration, the undersigned finds that the "Motion to Amend Previous Motion pursuant to 28 USC 2255" (Doc. 74) is due be **DISMISSED** as an unauthorized second or successive § 2255 motion, and that Boone is not entitled to proceed *in forma pauperis* on appeal.

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

## I.    <u>Background</u>

After pleading guilty to the indictment, Boone was initially sentenced on March 16, 2006, with written judgment entered March 30, 2006.  (Doc. 28).  On direct appeal, the Eleventh Circuit Court of Appeals for the affirmed in part and remanded in part to correct a sentencing error.  (Doc. 33).  The Court resentenced Boone without a hearing on February 26, 2007.  (Doc. 34).  Boone did not appeal from his resentencing.  In August 2012, Boone filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C § 2255 (Doc. 39), which the Court dismissed on March 5, 2014, as time-barred under 28 U.S.C. § 2255(f).  (Docs. 68, 69).  The Court also denied Boone a certificate of appealability as to the dismissal.  (*See id.*).  Boone attempted to appeal the dismissal of his § 2255 motion but was denied a certificate of appealability by the Eleventh Circuit on April 6, 2015.  (Doc. 73).

No further activity occurred in this criminal action until the filing of the present motion.  (Doc. 74).  Upon review, the undersigned construed it as both a second or successive § 2255 motion and a motion for certification under 28 U.S.C. § 2255(h) from the Eleventh Circuit to bring a second or successive § 2255 motion.  (*See* Doc. 75).  The undersigned ordered that the motion for § 2255(h) certification be transferred to the Eleventh Circuit under 28 U.S.C. § 1631 and stayed consideration of the second or successive § 2255 motion pending the Eleventh Circuit's resolution of § 2255(h) certification.  (*See id.*).  On September 28, 2016, the Eleventh Circuit denied Boone leave to file a second or successive § 2255 motion.  (*See* Doc. 78).[2]

---

[2] Accordingly, it is **ORDERED** that the stay of consideration is hereby **LIFTED**.

## II.     Analysis

### A.     Second or Successive §  2255 Motion

Boone's present motion (Doc. 74) seeks leave to amend his previous § 2255 motion to assert claims based on the United States Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which has been held to apply retroactively on collateral review.  *Mays v. United States*, 817 F.3d 728, 737 (11th Cir. 2016) (per curiam); *Welch v. United States*, —— U.S. ——, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

> [Federal ]Rule[ of Civil Procedure] 15(c) allows, in specific circumstances, "an amendment to a pleading [to] relate[ ] back to the date of the original pleading." ... An amendment "relates back" to the date of the original pleading if it, "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  Importantly, a motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application.  *Jacobs v. Tempur–Pedic Int'l, Inc.,* 626 F.3d 1327, 1344–45 (11th Cir. 2010).

*United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011) (per curiam) (unpublished).

Because judgment has been entered on Boone's first § 2255 motion, he cannot now amend it.  Accordingly, and as explained previously (*see* Doc. 75), the undersigned construed his "Motion to Amend Previous Motion pursuant to 28 USC 2255" (Doc. 74) as a second or successive § 2255 motion.[3]  "Before presenting a second or successive

---

[3]     "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014).  Dismissal of a § 2255 motion as time-barred is a judgment on the merits.  *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) (unpublished) ("[A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same).  *Accord Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir. 2003) ('[W]e hold that a habeas or § 2255 petition

motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion…"   Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See also* 28 U.S.C. § 2255(h); *In re Clayton*, 829 F.3d 1254 (11th Cir. 2016) ("Charles Clayton seeks permission to file a 28 U.S.C. § 2255 motion based on *Johnson v. United States*, —— U.S. ——, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).  Because Mr. Clayton previously filed a § 2255 motion, his new motion must be 'certified as provided in section 2244 by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255(h)(2)."); *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion.").   "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."   *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).  As the Eleventh Circuit has denied

---

that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.').").

However, "the phrase second or successive is not self-defining and it does not refer to all habeas petitions filed second or successively in time." *Boyd*, 754 F.3d at 1301. "Instead, the bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so." *Id.* (citing *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011)). "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Leal's view ... would permit an end-run around § 2244. The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required. Were Leal correct, § 2244(b)(2) would be rendered surplusage."). *See also Stewart*, 646 F.3d at 860-63 (adopting much of *Leal Garcia*'s reasoning on "second or successive" petitions).

Boone leave to bring his second or successive § 2255 motion based on the *Johnson* decision (*see* Doc. 78), this Court lacks jurisdiction to consider its merits.

Accordingly, the undersigned finds that Boone's "Motion to Amend Previous Motion pursuant to 28 USC 2255" (Doc. 74), construed as an unauthorized second or successive § 2255 motion, is due to be **DISMISSED** for lack of jurisdiction.

## B.    Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

## C.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

In light of the Eleventh Circuit's September 28, 2016 order denying Boone leave to file his second or successive § 2255 motion, it is beyond dispute that this Court lacks jurisdiction to consider its merits.  Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Boone of the dismissal of his second or successive § 2255 motion (Doc. 74) would be without merit and therefore not taken in good faith.

### III.   <u>Conclusion & Recommendations</u>

In accordance with the foregoing analysis, it is **RECOMMENDED** that Boone's "Motion to Amend Previous Motion pursuant to 28 USC 2255" (Doc. 74) be construed as an unauthorized second or successive § 2255 motion and **DISMISSED** for lack of jurisdiction.  It is further **RECOMMENDED** that the Court find Boone not entitled proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

### IV.   <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 14th day of October 2016.

                */s/ Katherine P. Nelson*
                **KATHERINE P. NELSON**
                **UNITED STATES MAGISTRATE JUDGE**